BRADDOCK, by SMITH, v. PACIFIC WOODMEN LIFE ASS'N.

No. 5678. Decided June 13, 1936. (58 P. [2d] 765.)

*Thatcher & Young,* of Ogden, for appellant.

*H. H. Henderson,* of Ogden, for respondent.

FOLLAND, Justice.

The appellant filed a petition for rehearing in which it alleged that the court erred in ordering a new trial instead of deciding there was no issue to be submitted to the jury and directing a dismissal of the action. Under the rule of law of the case it is suggested that the language used by us will require the trial court to submit the case to the jury on a retrial in the event the evidence is substantially the same as in this record. The objectionable paragraph is the following:

"We have discussed the instructions of the court and the theory on which the case was tried by it on the assumption that there was a conflict in the evidence on the issues of fact as to the state of health of the assured and as to the nature and gravity of the indispositions or weaknesses for which he consulted physicians. After a careful reading of the evidence, we are of the view that while there is ample evidence in the record to support a verdict for the defendant, if one had been rendered, yet that evidence was not unchallenged by the plaintiff. We think there was such conflict in the evidence that the court should have submitted the case to the jury, but on the theory of warranty rather than of representation."

This is probably too broadly stated. What we intended was to decline to direct a dismissal of the action on the present record. The case was tried on what we held to be an erroneous theory. It should now be retried and an opportunity afforded the parties to present their evidence under the correct theory as announced in our decision. While we seriously doubt that a verdict for plaintiff could be sustained on the evidence in this record had the case been tried on the correct theory, it was and is our intention to leave the trial court untrammeled at the retrial

in passing on motions for nonsuit, directed verdict, or dismissal.

With this modification the decision as written will stand, and the petition for rehearing is denied.

ELIAS HANSEN, C. J., EPHRAIM HANSON, MOFFAT, WOLFE, JJ., concur.